NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| JIANFENG CHEN,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-72976<br><br>Agency No. A088-702-082<br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]
San Francisco, California

Before: **SCHROEDER**, **KOZINSKI** and **TROTT**, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) found Chen not credible after noting inconsistencies in the record, Chen's evolving and embellished claims, and her failure to corroborate her claims.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Chen contradicted her own statements as to whether her father had told her that he didn't receive a package containing Bibles. Chen also exaggerated the story of her father's interrogation during her oral testimony. Chen's declaration indicated that her father spontaneously lost consciousness and went into a coma while in custody. But, during cross-examination, Chen embellished this story by adding that her father was beaten, kicked and electrocuted. Chen also failed to introduce any evidence corroborating the police torture of her father, such as medical records or testimony from Chen's mother or her father's co-parishioners.

Chen testified that, after she completed the asylum application, her mother informed her that the police came to their house threatening to punish Chen severely if she didn't report to the local police. But Chen didn't mention this police visit to the asylum officer who interviewed her, when she was asked in court if she had any changes to make to her application, or during direct examination. Instead, she first mentioned this development a year after its alleged occurrence.

Because substantial evidence supports the adverse credibility finding, we deny Chen's petition to review her asylum and withholding of removal claims. See Jin v. Holder, 748 F.3d 959, 966–67 (9th Cir. 2014).

**2.** An adverse credibility finding does not necessarily preclude a finding of relief under CAT. See Kamalthas v. INS, 251 F.3d 1279, 1284 (9th Cir. 2001). Chen, however, failed to produce any evidence to make a showing that it was "more likely than not that . . . she would be tortured if removed." Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (internal quotation marks omitted). Moreover, Chen admitted that her mother and siblings had never suffered any incidents in China for practicing their faith. Thus, substantial evidence supports the IJ's denial of Chen's CAT claim. See id.

**PETITION DENIED.**